Liu v. Whitaker

BIA
Gordon-Uruakpa, IJ
A205 444 671

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

WEN JIN LIU,

        *Petitioner,*

    v.                        17-1291
                                 NAC

MATTHEW G. WHITAKER, ACTING UNITED STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:        Wen Jin Liu, pro se, New York, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Jin Liu, a native and citizen of the People's Republic of China, seeks review of a March 29, 2017, decision of the BIA affirming a March 10, 2016, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Jin Liu,* No. A205 444 671 (B.I.A. Mar. 29, 2017), *aff'g* No. A205 444 671 (Immig. Ct. N.Y. City March 10, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of

2

review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Liu was not credible because he made numerous inconsistent and changing statements about where he and his daughter lived in the United States and he did not corroborate his residence or his practice of Falun Gong, thereby calling into question his veracity as to all aspects of his claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

3

"An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably found that Liu failed to present objective evidence that he lived in New York, and the record contained evidence that he got married, had a child, paid utilities, and sought credit in North Carolina during the relevant time period.

With respect to his practice of Falun Gong, the IJ did not err in declining to afford weight to unsworn letters from Liu's father and friend in China because the authors were interested witness who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from alien's friends and family were insufficient to support asylum claim because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin*

4

*Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). The IJ also did not err in declining to credit an unauthenticated and handwritten "Notice" firing Liu but providing only limited details. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of agency discretion); *cf. Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). And the IJ did not err in noting that although Liu submitted photographs of himself attending Falun Gong demonstrations, which even non-practitioners could attend, Liu failed to submit any evidence corroborating his practice of Falun Gong in the United States even though he testified that he often practiced with other individuals.

Given the numerous inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. As

the agency concluded, Liu's numerous inconsistent statements and conflicting evidence about his and his daughter's residence in the United States called into question his testimony that he practiced Falun Gong at a neighbor's house and park in New York in 2014 and 2015, and impugned his credibility generally. *See Siewe*, 480 F.3d at 170. Accordingly, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

6